[No. 36297.    Department Two.    December 20, 1962.]

*In the Matter of the Application for a Writ of Habeas Corpus of* CAZ R. HENDERSON, *Respondent*, v. TIM MCCULLOUGH *et al., Appellants.*\*

\*Reported in 377 P. (2d) 244.

*Charles O. Carroll, Victor V. Hoff*, and *Jack B. Regan*, for appellant.

*Richard E. Kane*, for respondent.

*Corbett, Siderius & Lonergan*, amicus curiae.

OTT, J.—Caz R. Henderson pleaded guilty to an information which charged him as follows:

"I, LLOYD SHORETT, Prosecuting Attorney in and for the County of King, State of Washington, come now here in the name and by the authority of the State of Washington, and by this Information do accuse CAZ ROBERT HENDERSON, alias CHARLES HENDERSON, alias JOHN DOE METTLE, of the crime of GRAND LARCENY, committed as follows:

"He, the said CAZ ROBERT HENDERSON, alias CHARLES HENDERSON, alias JOHN DOE METTLE, in the County of King, State of Washington, on or about the 4th day of May, 1946, with intent to deprive and defraud the owner thereof, wilfully, unlawfully and feloniously did obtain from one Leon D. Books, certain personal property, to-wit: one 1936 Oldsmobile Coupe, of a value in excess of $25.00 in lawful money of the United States, the property of said Leon D. Books, by means of trick, device and bunco;

"Contrary to the statute in such case made and provided,

and against the peace and dignity of the State of Washington."

September 7, 1948, he was sentenced to serve not more than 15 years in the state penitentiary for the offense charged.

February 10, 1950, he was paroled by the Board of Prison Terms and Paroles and, on August 9, 1951, he was returned to the penitentiary as a parole violator.

March 10, 1952, he was paroled and was returned to the penitentiary July 14, 1953, for violation of his parole.

March 1, 1954, he was released to California authorities. May 2, 1956, he was returned to the Washington State Penitentiary as a parole violator.

May 1, 1959, he was paroled and, April 13, 1960, he was returned to the state penitentiary for violating his parole.

September 14, 1960, he filed a petition for a writ of habeas corpus in the Superior Court for Walla Walla County, contending that this state had lost jurisdiction of him when he was delivered to the California authorities. November 1, 1960, the petition for a writ of habeas corpus was denied.

Petitions for a writ of habeas corpus were filed in this court on December 28, 1960, January 24, 1961, and February 14, 1961, by Henderson. One of the petitions alleged that this state lost jurisdiction of him when he was delivered to California authorities. Another petition alleged that he was erroneously sentenced September 7, 1948, for a felony, when the information charged merely a misdemeanor. The third petition was upon a ground not material to this proceeding. The three petitions were consolidated and heard by this court on May 19, 1961. May 23, 1961, the following order was entered:

"The above-entitled matter having come on regularly for hearing before Department Number 2 of the Court on the 19th day of May, 1961, upon the demurrer of the respondent, B. J. RHAY, as Superintendent of the Washington State Penitentiary, to the application for a writ of habeas corpus of CAZ ROBERT HENDERSON, on the ground that the petitioner had failed to state facts sufficient to constitute a claim for relief in habeas corpus proceedings; the petitioner acting

pro se and the respondent being represented by his attorneys, JOHN J. O'CONNELL,. Attorney General, and BASIL L. BADLEY, Assistant Attorney General, and the court having considered the application for a writ of habeas corpus, the demurrer and the memorandum brief of respondent, and having heard the oral argument on behalf of the respondent and the court being fully advised in the premises,

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the demurrer of the respondent, B. J. RHAY, to the application for a writ of habeas corpus of CAZ ROBERT HENDERSON, be and the same is hereby sustained and the petition for a writ of habeas corpus is dismissed."

Subsequent to the above order of this court denying habeas corpus, Henderson was again paroled from the penitentiary. Tim McCullough, Sheriff of King County, by virtue of a revocation of parole warrant issued by the Board of Prison Terms and Paroles on October 20, 1961, arrested Henderson. October 25, 1961, while Henderson was in the sheriff's custody pending transfer to the penitentiary, he filed a petition for a writ of habeas corpus in the Superior Court for King County, which alleged that the sheriff had unlawfully taken him into custody. He contended that the revocation warrant was based upon a void judgment and sentence dated September 7, 1948, in that the information upon which the sentence was based charged him with a misdemeanor (RCW 9.08.040), and he was sentenced for a felony (RCW 9.54.010(2)).

The trial court granted the writ of habeas corpus, and directed that Caz R. Henderson be released. This appeal followed.

■ Appellants first contend that the identical issue presented by this appeal has previously been adjudicated by this court adversely to the respondent, and that the issue is res judicata. This is an appeal from a decision of the superior court, exercising its original jurisdiction in a habeas corpus proceeding. The above-quoted order of this court, dated May 23, 1961, which adjudicated the identical issue, was not published as an opinion of this court. Although respondent knew of the adjudication, it was not brought to the attention of or considered by the trial court.

Appellants' contention appears to be meritorious. It would seem that the doctrine of res judicata should apply to a petition for a writ of habeas corpus in a superior court, when the identical issue raised by the petition had been adjudicated by this court four months previously, and the petition denied. *Metcalf v. Metcalf*, 57 Wn. (2d) 612, 614, 358 P. (2d) 983 (1961). However, since the issue was not presented to the trial court, we will not consider it on this appeal. *Metcalf v. Metcalf, supra,* p. 616, and cases cited. See, also, *Salinger v. Loisel*, 265 U. S. 224, 68 L. Ed. 989, 44 S. Ct. 519 (1924); 161 A. L. R. 1331; 39 C. J. S., Habeas Corpus § 105, p. 698; 25 Am. Jur., Habeas Corpus § 156, p. 250.

This appeal presents a single question: Did the information quoted above charge respondent with a misdemeanor within the purview of RCW 9.08.040, or with a felony under RCW 9.54.010(2)?

RCW 9.08.040 is the codification of Laws of 1909, chapter 249, § 376, p. 1006, captioned "Fraud by Bailee of Animal," and provides:

"Every person who shall obtain from another the possession or use of any horse or other draft animal or any vehicle or automobile, without paying therefor, with intent to defraud the owner thereof, or who shall obtain the possession or use thereof by color or aid of any false or fraudulent representation, pretense, token or writing, or shall obtain credit for such use by color or aid of any false or fraudulent representation, pretense, token or writing; or who having hired property, shall recklessly, wilfully, wantonly or by gross negligence injure or destroy or cause, suffer, allow or permit the same, or any part thereof, to be injured or destroyed; or who, having hired any horse or other draft animal upon an understanding or agreement that the same shall be ridden or driven a specified distance or to a specified place, shall wilfully and fraudulently ride or drive or cause, permit or allow the same to be ridden or driven a longer distance, or to a different place, shall be guilty of a misdemeanor."

RCW 9.54.010 is the codification of Laws of 1909, chapter 249, § 349, p. 997 (as amended by Laws of 1915, chapter 165, § 3, p. 493), entitled "Larceny," and provides in part:

"Every person who, with intent to deprive or defraud the owner thereof—

" . . .

"(2) Shall obtain from the owner or another the possession of or title to any property, real or personal, by color or aid of any order for the payment or delivery of property or money or any check or draft, knowing that the maker or drawer of such order, check or draft was not authorized or entitled to make or draw the same, or by color or aid of any fraudulent or false representation, personation or pretense or by any false token or writing or by any trick, device, bunco game or fortune-telling; . . .

" . . .

"Steals such property and shall be guilty of larceny."

■ In a habeas corpus proceeding, we are not concerned with the sufficiency of the information, where, as here, the judgment and sentence is regular on its face. We will examine the information for the sole purpose of determining what crime was charged. *In re Persinger v. Rhay*, 52 Wn. (2d) 762, 329 P. (2d) 191 (1958); *In re Mooney v. Cranor*, 38 Wn. (2d) 881, 233 P. (2d) 850 (1951); *In re Moon v. Cranor*, 35 Wn. (2d) 230, 212 P. (2d) 775 (1949).

Respondent contends that RCW 9.54.010(2) is a general statute relating to the theft of property by means of fraud, and that RCW 9.08.040 is a special statute relating specifically to the theft of animals, vehicles, and automobiles by fraud. Respondent argues that "Where general and special laws are concurrent, the special law applies to the subject matter contemplated by it to the exclusion of the general law."

■ In construing these statutes, we must determine the intent of the legislature and, if the statutes are not in conflict with each other, give meaning and effect to both. *Miller v. King Cy.*, 59 Wn. (2d) 601, 605, 369 P. (2d) 304 (1962), and cases cited.

■ The legislature entitled RCW 9.08.040 "Fraud by Bailee of Animal." It intended thereby to define an offense limited to that of a bailee's obtaining *possession or use* of the enumerated classes of property by means of fraud or deceit. In a bailment, there is a *voluntary* surrender of

property by the bailor, in trust to a bailee. *Theobald v. Satterthwaite*, 30 Wn. (2d) 92, 190 P. (2d) 714, 1 A. L. R. (2d) 799 (1948).

As distinguished from a bailment, larceny entails the unlawful taking of the property of another without the owner's consent. By RCW 9.54.010(2), the legislature prescribed an offense predicated upon the larcenous acquisition of property, with intent to deprive or defraud the owner of his *possession or title* by various fraudulent methods. *State v. Johnson*, 56 Wn. (2d) 700, 355 P. (2d) 13 (1960); *State v. Olds*, 39 Wn. (2d) 258, 235 P. (2d) 165 (1951); *State v. Smith*, 2 Wn. (2d) 118, 98 P. (2d) 647 (1939). At the time the offense with which we are here concerned was committed, RCW 9.54.090 provided that the larcenous acquisition of property of the value of more than $25 would be punishable as a felony.

Both RCW 9.08.040 and 9.54.010(2) encompass an offense for obtaining possession of an automobile by fraud, the former by means of a bailment and the latter by theft. If the information charges that possession was obtained with larcenous intent, the crime is, by statute, a felony.

The information herein charged the respondent with the crime of grand larceny in the language of RCW 9.54-.010(2). All of the elements of a larcenous taking of property were alleged in the information, namely, "with intent to deprive and defraud the owner thereof, wilfully, unlawfully and feloniously did obtain . . . certain personal property . . . of a value in excess of $25.00 . . . by means of trick, device and bunco." There is no allegation in the information that the respondent fraudulently induced a bailment.

We find no merit in respondent's contention that he was charged under RCW 9.08.040 and sentenced under RCW 9.54.010(2).

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded with instructions to deny the writ.

FINLEY, C. J., DONWORTH, HUNTER, and HAMILTON, JJ., concur.