[No. 37547. Department Two. February 24, 1966.]

THE STATE OF WASHINGTON, *Respondent,* v. CHARLES ADELBERT HARRELL, *Appellant.**

*Reported in 411 P.2d 407.

*Victor V. Hoff* (of *Young & Hoff*), for appellant.

*Charles O. Carroll, John M. Watson,* and *John S. Ludwigson,* for respondent.

WEAVER, J.—Defendant appeals from a judgment and sentence entered after his conviction on two counts of the crime of grand larceny.

The following appears from the agreed statement of facts.

Defendant, Charles A. Harrell, had a checking account in the name of Rainier Dry Wall Construction; he was the only person authorized to sign checks on the account. About May 27, 1963 defendant advised the bank and the police department that his checkbook and check protector had been stolen. He reported the number of the last check written by him and advised that checks bearing higher numbers had been taken.

June 7, 1963, two of the purportedly stolen checks, each for $152.52, signed "Charles A. Harrell" payable to and endorsed by a "Fred Cook" were cashed, one at a Safeway Store, the other at Massey's Food Center. The payee received some merchandise; the balance was received in cash.

The drawee bank, observing that the numbers of the two checks corresponded to the checks reported stolen, notified defendant. Upon examination, he stated that the checks had not been drawn by him; he signed an affidavit that they were forgeries. Consequently, the bank did not honor the checks. At the time the checks were presented, defendant's bank account was overdrawn. During the following few days, other checks which had been reported stolen were presented for payment; they too were identified by defendant as forgeries.

October 29, 1963, defendant was charged by information with two counts of grand larceny. The charging portion of Count 1 states:

> He, the said CHARLES ADELBERT HARRELL . . . *with intent to deprive and defraud the owner* thereof, willfully, unlawfully and feloniously did obtain from the Safeway Stores, Incorporated, certain personal property, to-wit: lawful money of the United States in excess of $75.00, the property of the said Safeway Stores, Incorporated, *by means of trick, device and bunco and by false and fraudulent representations;* . . . . (Italics ours.)

Count 2 of the information is the same except that it identifies Massey's Food Center.

At trial, both checks were admitted in evidence. A handwriting expert testified that, in his opinion, the signatures of Harrell and Cook were written by defendant. Employees of both stores cashing the checks identified defendant as the payee, Cook. The state produced evidence that defendant left the stores in a pickup truck registered in the name of Rainier Dry Wall Construction. Defendant, in his brief, admits that there was sufficient evidence that the person cashing both checks was he.

Instruction No. 1, to which adequate exception and assignment of error have been made, states:

> To convict the defendant of GRAND LARCENY as charged in Count I in the Information herein, the State must prove to you beyond a reasonable doubt:
>
> (1) That, in King County, Washington, on or about the 7th day of June, 1963, the defendant with intent to deprive or defraud the owner thereof obtained personal property consisting of merchandise and money belonging to Safeway Stores, Incorporated, and of value over $75.00;
>
> (2) That such property was obtained by offering as good a check without sufficient funds in the bank to cover same or upon which payment had been stopped, and defendant knew at said time that said check would not be honored for one or both of said reasons.

Instruction No. 2 is identical except that it identifies Massey's instead of Safeway.

The main thrust of defendant's first three assignments of error is that he was tried and convicted of a different crime from the one with which he was charged in the information, quoted *supra*. He urges that he was charged with obtaining property "by means of trick, device and bunco and by false and fraudulent representations"; that he was not charged with obtaining property by means of a check. We do not agree with defendant's contention.

■ Larceny entails the unlawful taking of the property of another with intent to deprive or defraud the owner thereof. See *In re Henderson v. McCullough,* 61 Wn.2d 90, 377 P.2d 244 (1962). The crime is defined by RCW 9.54.010 set forth in the margin.[1]

■ The legislature has defined five separate and distinct offenses and grouped them together under one statute,

[1]"9.54.010 Larceny. Every person who, with intent to deprive or defraud the owner thereof—

"(1) Shall take, lead or drive away the property of another; or

"(2) Shall obtain from the owner or another the possession of or title to any property, real or personal, by color or aid of any order for the payment or delivery of property or money or any check or draft, knowing that the maker or drawer of such order, check or draft was not authorized or entitled to make or draw the same, or by color or aid of any fraudulent or false representation, personation or pretense or by any false token or writing or by any trick, device, bunco game or fortune-telling; or

"(3) Having any property in his possession, custody or control, as bailee, factor, pledgee, servant, attorney, agent, employee, trustee, executor, administrator, guardian or officer of any person, estate, association or corporation, or as a public officer, or a person authorized by agreement or by competent authority to take or hold such possession, custody or control, or as a finder thereof, shall secrete, withhold or appropriate the same to his own use or to the use of any person other than the true owner or person entitled thereto; or

"(4) Having received any property by reason of a mistake, shall with knowledge of such mistake secrete, withhold or appropriate the same to his own use or to the use of any person other than the true owner or person entitled thereto; and

"(5) Every person who, knowing the same to have been so appropriated, shall bring into this state, or buy, sell, receive or aid in concealing or withholding any property wrongfully appropriated, whether within or outside of this state, in such manner as to constitute larceny under the provisions of this chapter—

"Steals such property and shall be guilty of larceny."

denominating the whole as larceny. *State v. Olds,* 39 Wn.2d 258, 235 P.2d 165 (1951); *State v. Smith,* 2 Wn.2d 118, 98 P.2d 647 (1939). In general, the offenses are: (1) taking property of another; (2) obtaining title or possession of property by various fraudulent methods; (3) misappropriation of property by a fiduciary; (4) receiving property by mistake and keeping it; and (5) receiving stolen goods, all with intent to deprive or defraud the owner thereof.

In effect, defendant contends that RCW 9.54.010(2) contains four mutually exclusive crimes. We do not accept this interpretation. The legislature did nothing more than state that whoever does one of four general types of fraudulent acts is guilty of larceny under subsection (2). *Henderson v. McCullough, supra.* Subsection (2) is merely one offense which can be committed in several ways. As the court said in *Henderson:*

> By RCW 9.54.010(2), the legislature prescribed an offense predicated upon the larcenous acquisition of property, with intent to deprive or defraud the owner of his *possession or title* by various fraudulent methods. [Citing authorities.]

*Olds, supra,* upon which defendant relies, is illustrative of our interpretation of RCW 9.54.010 and its application. Defendants in *Olds* were charged under subsection (1) of the statute. The court's instruction included not only subsection (1) but also subsection (4). Clearly, the two are inconsistent. Subsection (4) was not charged and this court held it error to include it in the instruction.

The instant case is distinguishable. Defendant was charged under the provisions of subsection (2) of RCW 9.54.010. The instruction as given, although not all inclusive and albeit most minimum, is descriptive of defendant's modus operandi and is within the ambit of subsection (2) of the statute. The agreed facts disclose that defendant's actions were more than simply cashing insufficient-fund checks. If believed by the jury, his notices to the bank and to the police of stolen checks were sufficient to constitute a trick, device, and false representation.

In *State v. Moore,* 189 Wash. 680, 66 P.2d 836 (1937), the court said:

When, with that knowledge, [that the check was a forged instrument] he [the defendant] presented the check to the Security State Bank of Spokane for the purpose of obtaining the money on it, he thereby represented that he was a lawful holder of the check, the legal assignee of the true payee, and that he was entitled to possession of the check and the money that it represented. The representations he made were false. False pretenses may be made by conduct and actions as well as by word of mouth.

The evidence and the instructions fall within the scope of the statute under which defendant was charged. We find no merit in defendant's first three assignments of error.

Instruction No. 4 states in part:

Where circumstantial evidence alone is depended upon for conviction, the circumstances proven must be consistent with each other, consistent with the guilt of the defendant, and inconsistent with any reasonable hypothesis of innocence.

Defendant argues that the effect of the word "alone" is to limit the applicability of the rule requiring that circumstantial evidence be consistent only with guilt, to those cases where the state relies *entirely* upon circumstantial evidence to prove its case. We do not agree. The jury was instructed that it must be convinced beyond a reasonable doubt of defendant's guilt—whether the testimony be direct or circumstantial. While the use of the word "alone" may be inappropriate, we fail to appreciate how the instruction prejudiced defendant.

The judgment is affirmed.

ROSELLINI, C. J., DONWORTH and FINLEY, JJ., and WARD, J. Pro Tem., concur.