[No. 981-2.     Division Two.     December 3, 1973.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN C. KALIMAN, *Appellant.*

*J. Dean Morgan, Legal Defender, Steven A. Memovich,* and *Landerholm, Memovich, Lansverk, Whitesides, March, Morse & Wilkinson,* for appellant (appointed counsel for appeal).

*James E. Carty, Prosecuting Attorney,* and *Edward Kelly, Deputy,* for respondent.

PETRIE, J.—The defendant, John C. Kaliman, has appealed from the order denying his motion in arrest of judgment or, in the alternative, for new trial following judgment of guilty to the crime of grand larceny and imposition of a suspended sentence therefor.

His appeal raises several issues, but we consider only the assignment of error which asserts that the information filed against him failed to allege all the elements of the crime of

which he was found guilty. We agree with that assertion and accordingly remand with instruction to dismiss the information.

■ We note, incidentally, that the precise issue presented by this assignment of error was raised for the first time on this appeal and was not presented to the trial court. As a general rule, questions not raised in the trial court will not be considered on appeal. However, that rule does not apply when the question raised affects the right to maintain the action or invades a constitutional right. *Maynard Inv. Co. v. McCann*, 77 Wn.2d 616, 465 P.2d 657 (1970); *State v. Lampshire*, 74 Wn.2d 888, 447 P.2d 727 (1968).

The information charges that the crime was committed as follows:

> That he, the said John C. Kaliman did, in the County of Clark, State of Washington, on or about the 30th day of October, 1970, unlawfully and feloniously, with intent to deprive and defraud, obtain possession of property of another, to-wit: merchandise from Titon Tires, 2000 East Columbia Way, Vancouver, Washington, by color and aid of a false and fraudulent instrument, to-wit: an NSF check drawn on the National Bank of Washington, Yakima, Washington, in the sum of $849.20, all of which property was of a value of more than $25.00.

RCW 9.54.090 defines the crime of grand larceny, in part, as follows:

> Every person who *steals* . . . in any manner specified in RCW 9.54.010—
>
> . . .
>
> (5) Property of the value of more than twenty-five dollars if obtained by color or aid of any order for the payment or delivery of property or money or any check or draft, knowing that the maker or drawer of such order, check, or draft was not authorized or entitled to make or draw the same; or
> (6) Property of the value of more than seventy-five dollars, in any manner whatever; shall be guilty of grand larceny and be punished by imprisonment in the state penitentiary for not more than fifteen years.

(Italics ours.)

The essential distinction between these two sections of RCW 9.54.090 is that grand larceny is committed by one who *steals* property of a value in excess of *$25* "by color or aid of [a] any order for the payment or delivery of property or money or [b] any check or [c] draft," or of a value in excess of *$75* in any manner whatever. In either instance, however, the property must be stolen "in any manner specified in RCW 9.54.010."

RCW 9.54.010 provides in part:

Every person who, with intent to deprive or defraud the owner thereof—

. . .

(2) Shall obtain from the owner or another the possession of or title to any property, real or personal, [a] by color or aid of any order for the payment or delivery of property or money or any check or draft, *knowing* that the *maker or drawer* of such order, check or draft *was not authorized or entitled to make or draw the same*, or [b] by color or aid of any fraudulent or false representation, personation or pretense or [c] by any false token or writing or [d] by any trick, device, bunco game or fortune-telling; or

. . .

*Steals* such property and shall be guilty of larceny.

(Italics ours.)

■ Mr. Kaliman contends, and the prosecution agrees, that the information purports to charge him with having committed the crime of grand larceny by color and aid of a check. Under that charge, it is only necessary for the state to allege and prove that the value of the property unlawfully obtained exceeded $25, not $75. However, it is also necessary for the state to allege, as well as to prove, that the defendant obtained the property knowing that the maker or drawer of the check was not authorized or entitled to make or draw it. The information clearly did not contain such an allegation. By failing to allege an essential statutory element of the crime, the information was fatally defective. *Sorenson v. Smith*, 34 Wn.2d 659, 209 P.2d 479 (1949).

■   The prosecution asserts, however, that any deficiency in the information—caused by failure to allege that the defendant knew the maker or drawer of the check was not authorized or entitled to make it or draw it—was corrected by the allegation that the defendant obtained the property with the specific intent to deprive and defraud the owner thereof. We cannot agree.

The specific intent to deprive and defraud the owner of property is certainly an essential element of the crime charged, but it by no means necessarily follows that the person who intends to deprive or defraud the owner of property by color and aid of a check also does so knowing that the maker or drawer thereof is not authorized or entitled to do so. In the first place, we must assume that the legislature set forth both elements intending that each element has a significance independent of the other. Secondly, a person may fully intend to deprive or defraud the owner of property even though he may not actually know that the maker or drawer of a check is not authorized or entitled to make or draw it. In that case, he may well have committed one of the other general types of fraudulent acts defined as the crime of larceny by RCW 9.54.010(2), but he definitely would not have committed larceny by color or aid of a check. *State v. Harrell*, 68 Wn.2d 44, 411 P.2d 407 (1966).

Indeed, all statutory larceny requires the unlawful intent to deprive or defraud the owner of property. *State v. Harrell, supra.* The gravamen of the offense of larceny by check is the knowledge of the perpetrator that the drawer of the check had no authority to draw it. That element of knowledge is not only an essential element, it is *the* element which distinguishes this particular crime from other forms of statutory larceny.

Judgment reversed with instruction to dismiss the information.

PEARSON, C.J., and ARMSTRONG, J., concur.