[No. 1239-2. Division Two. December 13, 1974.]

THE STATE OF WASHINGTON, *Respondent,* v. MILDRED L. ARNDT, *Appellant.*

*Omar S. Parker*, for appellant (appointed counsel for appeal).

*Curtis M. Janhunen, Prosecuting Attorney*, and *David L. Edwards, Deputy*, for respondent.

PETRIE, J.—Mrs. Arndt appeals a conviction of grand larceny—fraudulent receipt of public assistance. She was charged by information with the crime of grand larceny by obtaining public assistance, either to which she was not entitled or in an amount greater than that to which she was entitled, by means of a willfully false statement, a willful failure to reveal a material fact affecting her eligibility for assistance, or a willful failure to promptly notify the county office of a change in status with respect to resources, income or money contributions.[1] She challenges, first, the sufficiency of the evidence to support the jury verdict.

■. We must, therefore, review the record in the light most favorable to the State, to determine if there is substantial evidence to support a conviction of grand larceny. *State v. Randecker*, 79 Wn.2d 512, 487 P.2d 1295 (1971).

[1] The amended information accuses Mrs. Arndt of having committed the crime of grand larceny-fraudulent receipt of public assistance in the manner and form following, to wit: "That, on or about the 1st day of June, 1971, and up to and including January 31st, 1973, in Grays Harbor County, in the State of Washington, the defendant, MILDRED L. ARNDT, then and there being did then and there willfully and unlawfully and feloniously by means of a willfully false statement or representation, or a willful failure to reveal any material facts, condition or circumstance affecting eligibility of [or] need for assistance, including medical care, surplus commodities and food stamps, as required by law, or a willful failure to promptly notify the County Office in writing as required by law of any change in status with respect to resources or income or money contributions from whatever source derived, obtained Public Assistance to which she was not entitled, or did obtain greater public assistance than she was legally and justly entitled."

The record supports the following fact pattern. The defendant applied for and received public assistance between November 4, 1970, and June 30, 1973. The State introduced numerous public assistance forms upon which Mrs. Arndt represented that her husband was neither living with her nor employed. On these forms she asserted that she was paying rent of $65 per month. The State further introduced a sworn statement by Mrs. Arndt, that her husband returned to her home "on or about June, 1971," directly contradicting the information provided on the public assistance forms.

Mrs. Arndt testified at trial that she lived at 101 Hagara Street until January 1973 and first learned in June or September 1971, that the house was rent free. However, two of the public assistance forms representing the payment of rent were completed after this discovery—one dated December 1971 and the other June 1972. In addition, she testified that her son, Michael Prall, age 19 at trial (October 1973), was living with her, was employed, and gave her money for food from time to time.

Three witnesses were called by the State. David Daniels, the owner of the house at 101 Hagara Street, verified that Mrs. Arndt lived in the house rent free from April 1971 until January 1973. He testified that he visited the household occasionally between June 1971 and June 1973, sometimes visiting before the family arose. He found the family appearance to be normal and usually found Mr. Arndt there.

Mrs. Hilma Mae Powell, a welfare eligibility examiner, testified that when Mrs. Arndt completed the public assistance forms she was informed that she was required to report changes in circumstances, family composition, income and gifts. Mrs. Powell confirmed that Mrs. Arndt never reported to the Division of Public Assistance: (1) that her husband had returned home, (2) that he was employed, (3) that she paid no rent, (4) that her son, living at home, was employed and that he occasionally gave her money for food.

Mrs. Laura Click, a financial eligibility supervisor, testified that Mrs. Arndt's failure to report the facts—that her husband was residing with her, that he was earning money, that she paid no rent, and that her adult employed son occasionally gave her money—all affected her eligibility. Mrs. Click testified that the defendant was required by law to report such items and her failure to do so resulted in her obtaining assistance to which she was not entitled.

After carefully reviewing the record, we hold there is sufficient evidence to prove guilt beyond a reasonable doubt under any of the alternative means charged in the information.

The defendant next assigns error to a jury instruction which permitted conviction of grand larceny by one or more alternative means.[2] The defendant contends the verdict must be fatally defective because the trial court failed to instruct the jury that they must agree unanimously as to which alternative was used. In support of her argument she cites *State v. Golladay*, 78 Wn.2d 121, 470 P.2d 191 (1970); *State v. Walters*, 8 Wn. App. 706, 508 P.2d 1390 (1973); *State v. Hutton*, 7 Wn. App. 726, 502 P.2d 1037 (1972).

---

[2]"BEFORE you can find the defendant guilty, the State of Washington must prove to you, beyond a reasonable doubt, each of the following elements:

"1. That the defendant *either* made a false statement or representation of material facts conditions or circumstances affecting her eligibility of need for assistance, *or* that the defendant failed to reveal any material facts conditions or circumstances affecting her eligibility of need for assistance, *or* that the defendant failed to promptly notify the county office in writing as required by law of any change in status with respect to resources or income or money contributions from whatever source derived;

"2. That said statements or representations were willful, or that the defendant's failure to reveal material facts was willful, or that the defendant's failure to notify the county office in writing as required by law was willful;

"3. That the defendant did obtain public assistance to which she was not entitled, or did obtain greater public assistance than she was legally and justly entitled;

"4. That said acts occurred on and between the 1st day of June, 1971, and up to and including January 1st, 1973, in Grays Harbor County, State of Washington." (Italics ours.)

We disagree with the defendant's contention. *State v. Golladay, supra,* holds that when one count of an information alleges the commission of an offense by more than one means, insufficiency of the evidence to support one of the means is fatal to a verdict of guilty, unless the jury has been instructed that their verdict must be unanimous as to one of the alternative means charged. *State v. Carothers,* 84 Wn.2d 256, 265, 525 P.2d 731 (1974).

 If substantial evidence is presented to support *each* alternative method of committing a single crime, and the alternatives are not repugnant to one another, then unanimity of the jury as to the mode of commission of the crime is not required. *State v. Medley,* 11 Wn. App. 491, 524 P.2d 466 (1974); *State v. Stuhr,* 1 Wn.2d 521, 96 P.2d 479 (1939); *State v. Talbott,* 199 Wash. 431, 91 P.2d 1020 (1939).

RCW 74.08.331 does not list multiple crimes, but merely one crime, grand larceny, which can be committed various ways.

> [W]e note that the gravamen of the statutory crime is obtaining (or attempting to obtain, or aiding or abetting another to obtain) public assistance to which one is not entitled (or greater public assistance than that to which one is justly entitled) "by means of" one or more of the statutorily condemned devices: (1) willfully false statement (or representation or impersonation); or (2) willful failure to reveal any material fact, condition or circumstance, affecting eligibility or need, as required by law; or (3) willful failure to promptly notify the department as required by law of (A) any change in status in respect to resources, or income, or need, or family composition, etc., or (B) any other change in circumstances affecting eligibility or need for assistance; or (4) other fraudulent device.

*State v. Walters, supra* at 707-08. It is not necessary, therefore, to require the jury to unanimously agree upon each of the statutorily condemned means.[3] If they believed that by

---

[3]Another instruction did require the jury to agree on the verdict. "This being a criminal case, all of your number must agree upon a verdict."

any means Mrs. Arndt obtained public assistance to which she was not entitled, they could find her guilty of grand larceny.[4] Clearly, the several means charged are not repugnant to one another. The jury was properly instructed.

As a subsidiary issue to this assignment of error, Mrs. Arndt contends that the instruction is defective because the elements within the second alternative means—the failure to reveal—do not conform to the information. The argument is made, for the first time on appeal, that the instruction does not require the State to prove that the facts not revealed are facts *required by law* to be revealed. In *State v. Walters, supra,* we held that an information which did not contain that allegation was fatally defective. We have also held that a failure to present a similar issue to the trial court does not preclude raising the issue on appeal. *State v. Kaliman,* 10 Wn. App. 41, 516 P.2d 1096 (1973).

However, when the instruction—not the information—is challenged, as in the case at bench, the trial court must be apprised of the reasons for a claimed error so that any mistakes can be corrected in time to prevent the necessity of a second trial. *State v. McDonald,* 74 Wn.2d 141, 443 P.2d 651 (1968).

Finally, Mrs. Arndt asserts that the trial court erred by failing to instruct the jury on the standards of eligibility to receive public assistance. At trial, Mrs. Arndt's eligibility was treated as a matter subject to expert testimony. An

---

[4]A similar approach has been followed in other jurisdictions for crimes that can be committed alternative ways. *People v. Milan,* 9 Cal. 3d 185, 507 P.2d 956, 107 Cal. Rptr. 68 (1973) first-degree murder; *People v. Failla,* 64 Cal. 2d 560, 414 P.2d 39, 51 Cal. Rptr. 103 (1966) burglary; *People v. Chavez,* 37 Cal. 2d 656, 234 P.2d 632 (1951) first-degree murder; *People v. Nor Woods,* 37 Cal. 2d 584, 233 P.2d 897 (1951) grand theft; *People v. Kagan,* 264 Cal. App. 2d 648, 70 Cal. Rptr. 732 (1968) grand theft; *People v. Caldwell,* 55 Cal. App. 2d 238, 130 P.2d 495 (1942) grand theft; *State v. Hazelett,* 8 Ore. App. 44, 492 P.2d 501 (1972) first-degree murder; *People v. Sullivan,* 173 N.Y. 122, 65 N.E. 989, 63 L.R.A. 353, 93 Am. St. Rep. 582 (1903) first-degree murder; *State v. Souhrada,* 122 Mont. 377, 204 P.2d 792 (1949) manslaughter; *State v. Flathers,* 57 S.D. 320, 232 N.W. 51, 72 A.L.R. 150 (1930) first-degree murder.

eligibility supervisor was permitted to testify that, given certain additional facts, Mrs. Arndt's public assistance would either have been denied or diminished. The expert was, of course, subject to cross-examination as to the wisdom of that opinion and as to the standards which the expert utilized to reach that opinion.

These standards are determined either by statute or by departmental regulation authorized by statute. They could have been presented to the jury, but recitation of the myriad regulations would have unduly confused the basic issue. We are not concerned with ascertaining the precise amount of an overpayment. The issue—on this point—was simply whether or not Mrs. Arndt received public assistance to which she was not entitled, or in an amount greater than that to which she was entitled. On that point the jury was sufficiently advised through the testimony of the expert witness who testified on behalf of the prosecution. There was no other expert testimony. In any event, no instruction was proposed to the trial court. We have no basis, therefore, to measure the propriety of any specific instruction purporting to clarify—and not confuse—the issue of eligibility.

Judgment affirmed.

PEARSON, C.J., and ARMSTRONG, J., concur.

Petition for rehearing denied January 14, 1975.

Review granted by Supreme Court March 10, 1975.