STATE of Iowa, Appellee,

v.

Robert DRAPER, Appellant.

No. 88–594.

Supreme Court of Iowa.

June 20, 1990.

Rehearing Denied July 20, 1990.

Timothy T. Jarman of Baron, Sar, Goodwin, Gill, Lohr & Jarman, Sioux City, for appellant.

Thomas J. Miller, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., Thomas S. Mullin, County Atty., and J. Keith Rigg, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, LAVORATO and NEUMAN, JJ.

McGIVERIN, Chief Justice.

A jury found defendant Robert Draper guilty of two counts of delivery of a controlled substance (methamphetamine) in violation of Iowa Code section 204.401(1) (1987) (counts I and II); one count of possession of a controlled substance (methamphetamine) with intent to deliver in violation of Iowa Code section 204.401(1) (count III); and one count of possession of a controlled substance (marijuana) in violation of Iowa Code section 204.401(3) (count IV). The jury also found Draper to be a habitual offender under Iowa Code section 902.8.[1]

Robert's posttrial motions were overruled. The court entered judgments of conviction on the jury verdicts and sentenced Robert to a term of imprisonment not to exceed fifteen years on each of counts I, II and III, and one 180–day term of imprisonment on count IV, all terms to be served concurrently. The court ordered that Robert, as a habitual offender, not be eligible for parole until he served three years of his sentences on counts I, II and III in prison. *See* Iowa Code § 902.8.

The convictions and sentences were appealed. We transferred the case to the court of appeals.

In the court of appeals Robert argued, among other things, that the sentences given him by the district court on counts I, II and III are illegal because they are more harsh than authorized by the Iowa Code. The court of appeals held that the sentences on those counts are illegal because they are more *lenient* than allowed by the Iowa Code. That court affirmed Robert's convictions but vacated the sentences on counts I, II and III, reasoning that on each of those counts the district court had imposed an illegal mandatory minimum prison sentence of three years under Iowa Code

---

1. Robert Draper's trial was a joint one at which he, his wife (Schery Ann Draper), and three other individuals were tried together. Schery was convicted of the same offenses as Robert and was also found to be a habitual offender. She and Robert were given identical sentences.

For the sake of clarity we refer to the respective Drapers by first name only. Our opinion in Schery's appeal, *State v. Schery Ann Draper,* filed today, is reported at 457 N.W.2d 600 (Iowa 1990).

section 902.8 rather than the requisite five years under Iowa Code section 204.413. The case was remanded for resentencing on those counts.

We granted Robert's application for further review to consider whether the verdicts of guilty in Robert's case were unconstitutionally ambiguous and whether Robert was correctly sentenced.

We affirm the decision of the court of appeals.

I. *Background facts and proceedings.* The facts of Robert's case are adequately stated in our opinion in Schery's appeal, *see* footnote 1, above, and will not be repeated here.

■ II. *Ambiguity in the verdicts.* Counts I, II and III of the trial information charged Robert with violations of Iowa Code section 204.401 with respect to methamphetamine. That statute provides, in relevant part:

1. Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance, or to act with, enter into a common scheme or design with, or conspire with one or more other persons to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance.

Iowa Code § 204.401(1). This statute defines a single offense which may be committed by alternative means. *State v. Williams*, 305 N.W.2d 428, 430–32 (Iowa 1981).

On further review, Robert contends that the jury instructions in his case on counts I, II and III allowed the jury to convict him of delivery of methamphetamine (counts I and II) and possession of methamphetamine with intent to deliver (count III) on either of two grounds: first, *actual* delivery and possession with intent to deliver; or second, *conspiring* to deliver and possess with intent to deliver. According to Robert, there was insufficient evidence to convict him on the first of these grounds. The jury's verdicts of guilty on counts I, II and III did not specify the ground upon which they rested. Robert asserts that the verdicts were "ambiguous" in this respect and concludes that we must reverse his convictions on counts I, II and III because they may rest on a ground not proven beyond a reasonable doubt. Conviction of a criminal offense on proof less stringent than "beyond a reasonable doubt" is unconstitutional under *In re Winship*, 397 U.S. 358, 360, 90 S.Ct. 1068, 1070, 25 L.Ed.2d 368, 373–75 (1970).

Robert's argument is based on *Stromberg v. California*, 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117 (1931), and its progeny. Those cases stand for the proposition that if there is a possibility that a general verdict of guilty rests on speech or expressive conduct entitled to constitutional protection, then the conviction cannot stand. *See, e.g., Bachellar v. Maryland*, 397 U.S. 564, 570–71, 90 S.Ct. 1312, 1315–16, 25 L.Ed.2d 570, 575–76 (1970); *Street v. New York*, 394 U.S. 576, 600–02, 89 S.Ct. 1354, 1369–71, 22 L.Ed.2d 572, 590 (1969) (Warren, C.J., dissenting).

Even if we were to agree with Robert that the *Stromberg* principle extends to the allegedly *Winship*-violative case he poses, he would not be entitled to reversal of his convictions on counts I and II because the verdicts which convicted him on those counts were not ambiguous. Contrary to Robert's assertion, the jury instructions on counts I and II conclusively show that his case was not submitted to the jury on both the "actual delivery" and "conspiracy" grounds. Rather, the case against Robert on counts I and II was submitted on the "conspiracy" ground alone. The evidence in this case, outlined in our opinion in Schery's appeal, clearly was sufficient to support Robert's convictions on the "conspiracy" ground.

■ Unlike the instructions in counts I and II, the jury instructions on count III with respect to Robert would allow the jury to convict on either the "actual possession with intent to deliver" ground or the "conspiracy" ground. The jury did not specify which ground it relied upon in finding Robert guilty of count III.

Count III relates to possession of methamphetamine on June 20, 1987, the day Drapers' house was searched. Police officers found almost $40,000 worth of methamphetamine in Drapers' house that day, along with other evidence of a large-scale drug sales operation being conducted from the house. The evidence is outlined in the opinion in Schery's appeal.

The jury in this case was properly instructed on the theory of constructive possession. Viewed in the light most favorable to the verdict, there was ample evidence from which the jury could find that Robert constructively possessed some or all of the methamphetamine found in his house, with intent to deliver it. There was also ample evidence from which the jury could find that Robert conspired to possess the same methamphetamine with intent to deliver it.

Under these circumstances, it does not matter that the jury did not specify which ground of the statute it relied upon in convicting Robert; the jury need not have been unanimous as to the mode of commission of the crime as long as it was unanimous as to the commission of the crime. *See State v. Bratthauer,* 354 N.W.2d 774, 776 (Iowa 1984); *State v. Duncan,* 312 N.W.2d 519, 523–24 (Iowa 1981) ("If substantial evidence is presented to support *each* alternative method of committing a single crime, and the alternatives are not repugnant to each other, then unanimity of the jury as to the mode of commission of the crime is not required.") (quoting *State v. Arndt,* 12 Wash.App. 248, 252, 529 P.2d 887, 889 (1974), *aff'd en banc* 87 Wash.2d 374, 553 P.2d 1328 (1976)). Neither mode of committing the crime is constitutionally protected, so *Stromberg* does not dictate a contrary result. The "ambiguity" of the verdict on count III does not require reversal.

We conclude that Robert's convictions on counts I, II and III should be affirmed.

IV. *Sentencing issues.* The court of appeals correctly determined the maximum and minimum prison sentences in Robert's case. This matter is fully treated in our opinion in Schery's appeal and the discussion need not be repeated here.

Robert next contends that he was improperly found to be a habitual offender under Iowa Code section 902.8. That statute provides, in relevant part:

An habitual offender is any person convicted of a class "C" or a class "D" felony, who has twice before been convicted of any felony in a court of this or any other state, or of the United States. An offense is a felony if, by the law under which the person is convicted, it is so classified at the time of the person's conviction.

Iowa Code § 902.8. Robert argues, first, that the jury was improperly informed of his 1986 conviction for involuntary manslaughter, which was on appeal at the time and subsequently was reversed; and second, that the jury was improperly informed of one or more prior convictions which were entered after pleas taken in violation of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (record of guilty plea proceeding must affirmatively show that plea was entered voluntarily and intelligently in that defendant was advised of his rights; silent record inadequate).

■ Robert's first attack on his habitual offender adjudication fails on the facts. Although the jury was informed of his 1986 manslaughter conviction, it found by special interrogatories that Robert was convicted of robbery in 1956, breaking and entering in 1960, and breaking and entering in 1967, as well as manslaughter in 1986. Substantial evidence supports those findings. Disregarding the 1986 manslaughter conviction entirely, Robert has three times been convicted of a felony prior to this prosecution. The State need prove only two prior felony convictions to bring a person within the habitual offender statute. *See* Iowa Code § 902.8. In light of all the evidence and the special interrogatories on Robert's habitual offender status, any error in allowing the jury to consider the 1986 manslaughter conviction was harmless. Robert is still a habitual offender by virtue of his 1956, 1960 and 1967 felony convictions (assuming their validity), and

he has not shown that he suffered any prejudice from admission of the evidence concerning the 1986 manslaughter conviction.

■ Robert's second attack on his habitual offender adjudication goes to the validity of his 1956, 1960 and 1967 felony convictions, each of which was entered pursuant to his plea of guilty or nolo contendere. Robert asserts that the district court improperly allowed the jury to be informed of those convictions because the convictions resulted from pleas allegedly taken in violation of *Boykin.*

The district court considered this argument and rejected it because Robert failed to make any showing to contradict the regular documentary records of his prior convictions. Those records showed that Robert was represented by counsel in the three prior felony prosecutions, and gave no indication of irregularity or unconstitutionality in the plea proceedings. The court concluded that Robert had failed to make even a prima facie showing that any of the three prior convictions was constitutionally infirm, so no further inquiry into the validity of the convictions was necessary. *See* Iowa R.Crim.P. 18(9) (court shall determine validity of objections to use of prior convictions for sentence enhancement, except for objection that defendant is not the person previously convicted). Thus, the court held that the three prior convictions were a proper basis for enhancement of Robert's sentence under section 902.8.

The district court was correct. The record shows that Robert was counseled prior to his plea in each of the three prior felony prosecutions, and the court in this case was shown no reason to believe, on the totality of the circumstances, that the pleas were not entered voluntarily and intelligently. Under these circumstances, the court was right to conclude that Robert should be sentenced as a habitual offender if the jury found that he was the person previously convicted of at least two felonies. *See* Iowa R.Crim.P. 18(9); Iowa Code § 902.8; *see also Stead v. Link,* 540 F.2d 923 (8th Cir.1976) (constitutionality of pre-*Boykin* guilty pleas reviewed under "totali-

ty of the circumstances" test). No further inquiry was required under the circumstances. *See State v. Nelson,* 234 N.W.2d 368, 375 (Iowa 1975) (where regular prior conviction is established, burden shifts to State to prove defendant was represented by counsel at prior conviction only after defendant presents evidence that he was not represented); *People v. Hrapski,* 718 P.2d 1050, 1056 (Colo.1986) (defendant's burden to make prima facie case for invalidity of prior convictions); *Lucas v. State,* 499 N.E.2d 1090, 1095–96 (Ind.1986) (defendant's burden to show documents of prior convictions raise presumption of constitutional infirmity; absence of transcript of guilty plea not sufficient).

We find no merit in Robert's arguments on further review. Accordingly, the decision of the court of appeals, the district court convictions and the judgment on count IV are affirmed. The sentences on counts I, II and III are vacated. The case is remanded for resentencing on those counts, consistent with this opinion and the opinion in Schery's appeal.

DECISION OF THE COURT OF APPEALS AFFIRMED; DISTRICT COURT CONVICTIONS AFFIRMED, THREE SENTENCES VACATED AND CASE REMANDED FOR RESENTENCING.