THE STATE OF IOWA V. COOSTER.                10  453
                                            95  493

1. INDICTMENT: DUPLICITY.  Where an indictment under section 2721 of the Code charged the defendant, in the first count, with keeping a gambling house, and in the second, with permitting other persons, in a place under his control, to play for money or other things, it was held, that it was not objectionable on the ground of duplicity.
2. GAMBLING: EVIDENCE.  The sufficiency of evidence tending to show the guilt of a defendant charged with keeping a gambling house, discussed.
3. SAME.  The playing of a game of chance on premises under the control of defendant does not raise a presumption that it was done with his consent.  It can be considered only in connection with other circumstances tending to establish a *scienter*.
4. SAME.  It is not necessary to show that a place complained of under section 2721 of the Code, was "habitually or generally resorted to" for gambling purposes, to render the keeper liable under that section. The offense consists in keeping a place for such purposes.
5. No PREJUDICE.  Erroneous instructions to the jury will not be sufficient cause for reversal, if the evidence with the law correctly given would sustain the verdict.

*Appeal from Dallas District Court.*

THURSDAY, JUNE 9.

INDICTMENT for keeping a house resorted to for gambling purposes.  Trial and verdict of guilty.  The proceedings in the trial below of which the defendant, who is the appellant, complains, are fully presented in the opinion of the court.

*John A. Kasson* for the appellant, contended: 1. That to constitute the offense " of keeping a gambling house," it must appear that it was resorted to generally, or habitually, or repeatedly for that purpose, with the cognizance of the owner; and that " permitting any person, in any place under defendant's control, to play for money or other things," would include a single act of playing in a place not kept for that purpose.  2. The court erred in instructing: 1. That " a single act of the kind," was sufficient to show that he kept a gambling house, (citing 3 Chit. Cr. L. 673, note *f;* 2 Atk. 339; 1 T. R. 752.)  2. That the law presumed permission,

if the act occurred in premises under his control (citing *The State of Iowa* v. *Abrams*, 6 Iowa 117). 3. The evidence did not sustain the verdict, and the motion for a new trial on that ground should have been sustained.

*S. A. Rice*, Attorney General, for the State.

Lowe, C. J.—We have in this case six assignments of error. The first three we pass, as the questions involved in them are included in the sixth, which we first take up and consider. This is, "that the court erred in overruling the motions in arrest and for a new trial." The several grounds upon which these motions were based, will be noticed only so far as they are insisted upon in argument by counsel, supposing the other reasons assigned to have been abandoned. It is claimed that the indictment charges two separate and distinct public offenses.

1. For keeping a gambling house.

3. In permitting other persons in a place under the control of the defendant, to play for money or other things.

These two charges are contained in separate counts in the same indictment, drawn under section 2721 of the Code. The objection has its origin in the idea that there is such a difference in the essential qualities of these two acts, as to make them separate offenses. But is this true? They are found in disjunctive clauses of the same section of the Code, visited with the same penalty, and it is the better opinion that in their essence they are one and the same offense, the guilt of which may be incurred in one or the other of these methods. It has been held by very good authority, even under the old practice, whose rigid rules are intended to be relaxed by one system of procedure, that when a statute contains several things in the alternative, you may without multifariousness indict for the whole conjointly; still the prosecution would not be required to support and cover all the alternative charges with his proof, but only so much as would show that an offense had been committed in some of

The State of Iowa v. Cooster.

the ways specified.   See Bishop's Criminal Law, 134, 148, 537; 6 Met. 241, and the authorities there cited.

Again, it is insisted that these motions should have prevailed, because the evidence was insufficient to authorize a verdict, and especially for the reason, "that the evidence did not show that the defendant was present, or knew that the dice were thrown or played for anything."   Did the court abuse its discretion in overruling these motions? . Was there not evidence tending to establish the guilty knowledge of the accused?   The evidence, which is said to be reported in full, furnishes the best answer to these questions.   Playing a game of chance for liquor has heretofore been held by this court (and very properly so,) gambling, in the sense of our Criminal Code.   In this case, the defendant kept a liquor establishment, had no partner or assistant, and kept a set of dice for his customers to play with.   One witness testified that on three occasions he had seen parties throwing dice for liquor; another witness saw parties throwing dice for liquor on two other occasions; a third testified that in the course of two weeks he had seen parties throw dice in the defendant's grocery establishment, five or six times, for something to drink, and once for money, but that the defendant was not present, that he knew of, except when the parties played for a five cent piece, whereupon the defendant informed them that he did not keep a gambling house and they must desist, &c.   Now is it to be presumed that the defendant who kept his grocery in person, and furnished the dice for his customers to play with, did not know on any of the occasions spoken of, that they played or threw dice for the liquor they drank? The jurors, it seems, inferred from this evidence a guilty knowledge on the part of the defendant, and they were better authorized in drawing this inference from the facts than we would be under the circumstances in setting aside their verdict.

The fourth and fifth assignments of errors relate to a single instruction given for the State, and one refused for the defendant.   The one given is as follows: "That in order to

convict the defendant of keeping a gambling house, it is not necessary to show that the house was habitually used for that purpose, or a series of acts of the kind, and that a single act of the kind shown to be done with his permission, was sufficient to find the defendant guilty, and that the law presumed his permission, if it was done on premises under his control."

The objection taken to this instruction is twofold. 1. In establishing the rule that a single act of the kind was sufficient to show that the defendant kept a gambling house. 2. That the law will presume the permission of defendant if the act charged, was done on premises under his control. This last proposition was laid down rather broadly by the court, and is believed not to be the law upon this subject. It is true, it would be a circumstance taken in connection with other facts that would tend to establish a *scienter*, but not sufficient of itself to prove that fact. Still it does not follow in this case that the defendant was prejudiced by this part of the instruction, as the evidence in our judgment did not leave the guilty knowledge of the defendant resting upon any such presumption; but we are strongly inclined to the opinion that if the jury had been charged to the effect that they must be satisfied from the evidence, that the defendant had personal knowledge of the gaming charged in the indictment, before he could be found guilty, that their verdict under the evidence would have been the same. And this is true in reference to the first objection taken to the foregoing instruction. There was no necessity of charging the jury that a single act of gambling was sufficient to show that the defendant kept a gambling house. The evidence, if it proves anything, shows that his grocery was frequented for that purpose, so that whether the instruction was in fact and in law right or wrong, we could not under the circumstances reverse the case for that reason.

But if it is important to express any opinion upon the merits of the objection itself, we would say that whilst some of the old authorities seem to sustain the point made, we do

not think that a fair construction of section 2721 requires that the place kept for the purposes of gambling must be first frequented by numbers, before the keeper can incur the penalty of the law.    The language of the Code is not, that the *place* should be habitually or generally resorted to, but it is, *"if any person keep a place resorted to for the purpose of gambling,* or permits any one to play," &c., &c.   We suppose that it is the setting apart and keeping a place for the purpose of a resort in this vice, which is consummated as well by a single as by a dozen acts, that constituted the gist of the offense, and not a series of acts or a given number of violations of the law in the premises.   If this interpretation of the law be correct, of which we have but little doubt, then the other instruction, also made the ground of error, was properly refused,   It is as follows : "That in order to convict the defendant of the offense of keeping a gambling house you must be satisfied that it was *generally* resorted to for that purpose, that defendant knew it was resorted to and used, and that it was carried on with his knowledge.

It will be observed that the language of this instruction is very broad—that no offense can be committed under the law in question until the community *generally* shall visit the establishment of the accused for the purpose of indulging in the prohibited vice.   We take quite a different view of the law.   We must affirm, with an order that the judgment below be executed.

Affirmed.