## WILL RUCKER v. THE STATE.

### No. 3452. Decided April 10, 1907.

**1.—Theft—Misdemeanor—Foot Prints—Tracks—Evidence.**

The mere fact that there was no effort to identify the tracks and connect defendant with same would not be a ground for holding that the prosecuting witness could not testify that there were tracks around the pile of cotton alleged to have been stolen. This would merely go to the weight of the testimony and would not justify its exclusion, and there was no error.

**2.—Same—Sufficiency of the Evidence—Hypothesis of Guilt.**

Where upon trial for theft of cotton, the defendant made a statement which was tantamount to a confession, and the circumstances of his guilt were of that conclusive nature which excluded every other reasonable hypothesis than that of his guilt, a verdict of guilty was sustained.

Appeal from the County Court of Erath. Tried below before the Hon. M. J. Thompson.

Appeal from a conviction of theft of property under the value of $50; penalty, a fine of $25 and ten days confinement in the county jail.

The opinion states the case.

*Nugent & Carter,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of theft, and his punishment assessed at a fine of $25 and ten days confinement in the county jail.

Appellant, in his 4th, 5th, 6th and 8th ground of motion for a new trial, insists that the court erred in permitting the State to introduce evidence as to certain foot-prints or tracks of some person found upon the ground in and around the scene of the alleged theft, because said tracks were in no way identified as defendant's tracks or any other certain person's tracks; that there was no comparison made of such tracks with defendant's tracks and that said evidence was immaterial, prejudicial and not admissible for any purpose. The evidence in this case shows that the prosecuting witness T. P. Sutton lost about 600 pounds of seed cotton and a couple of cotton sacks; that some one took same out of his cotton patch without his knowledge or consent. Upon his return to the cotton patch the morning after the theft he discovered certain tracks of persons around the place where the cotton was piled. The bills of exception presenting the matter above -complained of do not show any legal ground upon which complaint could be predicated, since the mere fact that there was no effort to identify the tracks and connect appellant with same would not be a ground for holding that the prosecuting witness could not testify that there were tracks around the pile of cotton. There is no authority of this court

that has ever so held. If the tracks are not identified as being appellant's tracks, this would merely go to the weight of the testimony, but certainly this court could not hold that where a party had lost property and human tracks were found around the place from which the property was taken that it would be reversible error to prove the fact that there were tracks there. We do not think either of the grounds of complaint above cited were error, but on the contrary think the ruling of the court was correct.

The only other question insisted upon by appellant is the insufficiency of the evidence. We think the evidence is amply sufficient. While it is true, this is a case of circumstantial evidence, yet appellant makes a statement to prosecuting witness which was tantamount to a confession, and furthermore the circumstances are of that conclusive nature that lead on the whole to a satisfactory conclusion and excludes every other reasonable hypothesis than that of the guilt of appellant. This being true, it follows that the evidence is sufficient to support the verdict.

Finding no error in the record the judgment is affirmed.

*Affirmed.*