**STATE of Iowa, Appellee,**

v.

**Allan Brian Michael ERVING, Appellant.**

No. 83–35.

Supreme Court of Iowa.

April 11, 1984.

Charles L. Harrington, Appellate Defender, and Linda Del Gallo, Asst. Appellate Defender, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., William E. Davis, County Atty., and James D. Hoffman, Asst. County Atty., for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, LARSON, and CARTER, JJ.

REYNOLDSON, Chief Justice.

Following a jury trial, defendant Allan Brian Michael Erving was convicted of attempted burglary, a violation of Iowa Code section 713.2 (1981). On this appeal defendant asserts the evidence was insufficient to generate a jury question, and he had ineffective assistance of counsel. The latter claim is based on his trial attorney's failure to move for mistrial after the prosecutor allegedly intimidated a defense witness. We affirm.

August 30, 1981, defendant and a companion, Kevin Williams, both from St. Louis, Missouri, entered a Walgreen's drugstore in Davenport. Although the store was open for business, the pharmacy area at the rear of the store was closed and locked. This repository for restricted drugs was shielded by a partition about six feet high, in which was positioned a door. The top part of the partition was constructed of glass panels, removable by sliding them up and out of a wooden framework.

A store manager had secreted himself behind a back door in order to watch a suspected shoplifter. His attention was attracted to defendant and Williams. He testified he saw Williams pick up a small stool and take it back to the pharmacy. He then saw defendant stand on the stool and slide out one of the glass panels. Meanwhile, Williams appeared to be keeping a lookout. The manager further testified that a person reaching through the created access could obtain drugs or unlock the pharmacy door.

At this point the manager left his observation post and went to telephone the police. Defendant and Williams walked toward the front of the store but were apprehended by the police while still on the premises.

Defendant told the police he had found the glass panel on the floor and had placed it up against the pharmacy, a statement he repeated from the witness chair at trial.

While being questioned by police in the store, defendant "grabbed" the pane by its sides. Among the prints developed by the police, however, was a print of defendant's palm near the wrist, on the top part of the glass as it formed part of the partition. A police expert testified in order to make the palm print "the glass would have to be almost parallel with the arm and the arm ... extended." This evidence supported the manager's description of the manner in which the glass was removed.

No drugs were found in the possession of defendant or Williams; nor did the manager see either of them reach inside the pharmacy area.

Both defendant and Williams were charged with second-degree attempted burglary. Defendant agreed to plead guilty on the advice of his attorney, Gary Bishop, who subsequently was disbarred. Substitute counsel made a successful motion in arrest of judgment, alleging ineffective assistance of counsel. In the interim, however, the State had dismissed the charges against Williams on the same day defendant pled guilty, apparently on Bishop's representation to the prosecutor that defendant "had cleared" Williams of any complicity in the crime.

An in-chambers proceeding before trial commenced disclosed defendant expected Williams to testify in his behalf. The prosecutor stated, "I think I may have a surprise for Mr. Williams in these next few days." Defendant's attorney then decided to talk to Williams. The prosecutor agreed it would not "be a bad idea for [Williams] to have a lawyer." Defense attorney reported he had talked to Williams, and that the latter was not inclined to testify without first consulting a lawyer. Trial court observed it would be well for Williams to consult a lawyer, and suggested there would be about a day of trial before Williams' testimony would be reached. Defense counsel moved for a continuance, which the court denied. The trial was completed without the testimony of Williams, who apparently returned to Missouri.

Defendant's sufficiency of the evidence issue was preserved by timely trial motions for judgment of acquittal. His motion for new trial alleged the prosecutor had intimidated a defense witness to the point he would not testify, thereby depriving defendant of a fair trial. All of these motions were overruled.

I. *Issue of Sufficiency of the Evidence.*

■ The principles that guide our analysis of this issue are well established.

[A] jury verdict of guilty is binding upon this court unless there is no substantial evidence in the record to support it or such finding is clearly against the weight of the evidence. Substantial evidence means such evidence as could convince a rational trier of fact that the defendant is guilty of the crime charged beyond a reasonable doubt.

*State v. Schrier*, 300 N.W.2d 305, 306 (Iowa 1981) (citations omitted). We view the evidence "in the light most favorable to the State" and draw from it "all fair and reasonable inferences ... taking all the evidence into consideration, both direct and circumstantial." *State v. Duncan*, 312 N.W.2d 519, 522 (Iowa 1981) (citations omitted); *see also State v. Martin*, 341 N.W.2d 728, 729 (Iowa 1983).

■ The jurors in the case before us could have found, as the manager testified, that defendant removed a glass panel from the locked and enclosed pharmacy area. They were not required to believe defendant's story that he found the panel on the floor. They also could have believed the manager when he testified that removal of the glass panel would greatly facilitate entry into the pharmacy and access to the various controlled substances stored there.

The crime of attempted burglary is statutorily defined as follows:

713.2. *Attempted burglary defined.* Any person, having the intent to commit a felony, assault or theft therein, who, having no right, license, or privilege to do so, attempts to enter an occupied structure or area enclosed in a manner to provide a place for the keeping of valuable property secure from theft or crimi-

nal mischief, the occupied structure or place not being open to the public, or who attempts to remain therein after it is closed to the public or after the person's right, license, or privilege to be there has expired, or any person having such intent who attempts to break an occupied structure or other place where anything of value is kept, commits attempted burglary.

Defendant argues the evidence disclosed no attempt to enter, and no intent to steal.

"The common law principles of attempt require the State to prove (1) intent to commit the crime and (2) slight acts in furtherance of the crime that render voluntary termination improbable," *Fryer v. State*, 325 N.W.2d 400, 406 (Iowa 1982). It was not necessary, of course, for defendant to actually enter the pharmacy in order to commit *attempted* burglary. Attempted burglary is distinguished·from the completed crime only by defendant's failure to effect an entry. *Compare* Iowa Code § 713.1 ("Any person ... who ... enters an occupied structure or area ... commits burglary.") *with* Iowa Code § 713.2 ("Any person ... who ... attempts to enter ... commits attempted burglary."). (Emphasis added.)

In *State v. Roby*, 194 Iowa 1032, 1043, 188 N.W. 709, 714 (1922), this court defined the act needed for attempt as one that would "reach far enough towards the accomplishment, toward the desired result, to amount to the commencement of the consummation, not merely preparatory. *It need not* [even] *be the last proximate act to the consummation of the offense ...*" (Emphasis added.) Here the jury could have found defendant's removing of the glass was the last proximate act. As such, it was clearly sufficient to support a conviction of an attempted burglary.

This assumes, of course, the jury also found the requisite intent.

Intent is a state of mind difficult of proof by direct evidence. It may, however, be established by circumstantial evidence and by inferences reasonably to be drawn from the conduct of the defend-

ant and from all the attendant circumstances in the light of human behavior and experience.

. . . .

... The reason for this rule is that experience teaches that, in the great majority of cases of unlawful breaking and entering, the act is done with intent to steal. ·

*State v. Allnutt*, 261 Iowa 897, 905–06, 156 N.W.2d 266, 271 (1968). The *Allnutt* court further noted intent to steal was not negated merely because nothing was stolen. *Id.* We also have held failure to effect a completed breaking and entry will not negate the jury's ability to find an unlawful intent. *State v. Morelock*, 164 N.W.2d 819, 822 (Iowa 1969); *see also State v. Duncan*, 312 N.W.2d at 520–22.

Because there was credible evidence from which the jury could have found defendant attempted entry, and from which it could infer defendant's intent to steal, trial court did not err in overruling defendant's motions for judgment of acquittal.

II. *Issue of Prosecutorial Intimidation of Witness.*

Defendant asserts he was denied effective assistance of counsel when his trial attorney failed to timely object or to move for mistrial based on witness intimidation by the prosecutor.

We note defense counsel did move unsuccessfully for a continuance, and also moved for new trial after conviction, giving trial court another opportunity to adopt defendant's prosecutorial misconduct contention. We need not reach the ineffective counsel issue, however, if in fact there was no prosecutorial misconduct.

■ We note initially this is an area in which we intervene only if trial court abuses the broad discretion with which it is vested in such matters. *State v. Chadwick*, 328 N.W.2d 913, 916 (Iowa 1983); *State v. Gilroy*, 313 N.W.2d 513, 519 (Iowa 1981) ("To prevail on a claim that a defendant has been denied a fair trial by prosecutorial misconduct, defendant must show the

misconduct and that defendant was prejudiced by it.").

To resolve this issue, we need not explore the obvious question of how defendant will show prejudice when there is no offer of the substance of what Williams' testimony would have been. *Cf. Hegtvedt v. Prybil,* 223 N.W.2d 186, 189 (Iowa 1974) (litigant's failure to make offer of proof results in the waiver of alleged error). We hold defendant has failed to show prosecutorial misconduct.

In this situation there was no direct prosecutor-witness confrontation like that condemned in *United States v. Morrison,* 535 F.2d 223 (3d Cir.1976); and *United States v. Smith,* 478 F.2d 976 (D.C.Cir.1973). We moreover have held some adversarial prosecutor-witness interaction is not necessarily misconduct. *State v. Epps,* 316 N.W.2d 691, 695 (Iowa 1982).

The preferred procedure, of course, is to arrange for the trial judge to give any necessary warning to expected defense witnesses. *Smith,* 478 F.2d at 979; *In re J.W.Y.,* 363 A.2d 674, 683–84 (D.C.1976); *State v. Koller,* 87 Wis.2d 253, 280–81, 274 N.W.2d 651, 665 (1979). Here it was not the prosecutor or the judge, but the defense attorney who apparently advised Williams of his rights. It is likely that to Williams the defense attorney would seem even less threatening than the judge. The prosecutor committed no misconduct in alerting the court, in chambers, that Williams might be charged again.

We find no merit in defendant's assertion he was prejudiced by alleged ineffective assistance of counsel. We affirm the judgment entered in district court.

AFFIRMED.