STATE of Iowa, Appellee,

v.

Daryl Lloyd BRATTHAUER, Appellant.

No. 83–1078.

Supreme Court of Iowa.

Sept. 19, 1984.

Charles L. Harrington, Appellate Defender, and Raymond E. Rogers, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Joseph P. Weeg, Asst. Atty. Gen., and Craig Ament, Asst. County Atty., for appellee.

Considered by REYNOLDSON, C.J., and McCORMICK, McGIVERIN, CARTER and WOLLE, JJ.

McCORMICK, Justice.

Defendant Daryl Lloyd Bratthauer appeals his conviction by jury and sentence for operating a motor vehicle while intoxicated (OWI), third offense, in violation of Iowa Code section 321.281(1) (1983). He asks us to hold that the trial court denied him due process under the fourteenth amendment of the United States Constitution by overruling his objection to an instruction permitting the jury to convict him on either of two theories of guilt. Because we find no merit in his objection to the instruction, we affirm the trial court.

The incident on which the prosecution was based occurred in Clinton on June 19, 1983. Defendant was stopped while driving a pickup truck in an erratic manner on a city street. After field sobriety tests, he was arrested for OWI. An intoxilizer test administered at the police station registered a blood alcohol level of .177 percent by weight. A trial information was subsequently filed charging defendant with OWI and, upon defendant's plea of not guilty, the case proceeded to trial. He was found guilty and sentenced.

Insofar as material here, section 321.281 provides:

(1) A person shall not operate a motor vehicle upon the public highways of this state in either of the following conditions:

(a) While under the influence of an alcoholic beverage, a narcotic, hypnotic, or other drug, or any combination of such substances.

(b) While having thirteen hundredths or more of one percent` by weight of alcohol in the blood.

(2) A person convicted of a violation of this section, upon conviction or a plea of guilty, is guilty of:

. . . .

(c) A class "D" felony for a third offense and each subsequent offense.

. . . .

(3) A person shall not be convicted and sentenced for violations of both paragraphs "a" and "b" of subsection 1 if the offenses were committed in the same occurrence.

. . . .

In the present case the trial court, over defendant's objection, gave the following marshalling instruction:

The law provides that any person who operates a motor vehicle while under the influence of an alcoholic beverage or while having thirteen hundredths or more of one percent by weight of alcohol in the blood commits a public offense.

You must find the defendant not guilty of this offense, unless the State proves by evidence beyond a reasonable doubt each of the following elements:

1. That on or about the 19th day of January, 1983, the defendant Daryl Lloyd Bratthauer, operated a motor vehicle.

2. That at the time, the defendant Daryl Lloyd Bratthauer, was under the influence of an alcoholic beverage, or had thirteen hundredths or more of one percent by weight of alcohol in the blood.

If you find the State has proved beyond a reasonable doubt each one of the elements, then you will find the defendant guilty; but, if the State has failed to prove beyond a reasonable doubt one or more of the elements, then you shall find the defendant not guilty.

Defendant's due process objection is that the instruction permitted the jury to convict him of either of two separate offenses without unanimity. He argues that the instruction authorized his conviction even if only six of the twelve jurors found he was operating a motor vehicle under the influence of an alcoholic beverage and the other six found instead that he had thirteen hundredths or more of one percent by weight of alcohol in his blood.

We pass the issue of defendant's failure to base his unanimity argument in the trial court on the unanimous verdict requirement in Iowa Rule of Criminal Procedure

21(5). We do not believe the question is answered by the Supreme Court's holding that less than unanimous verdicts in certain cases under state law do not deny federal due process. *See Johnson v. Louisiana,* 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972).

Defendant's argument is identical to those made and rejected in different contexts in *State v. Williams,* 285 N.W.2d 248, 269–70 (Iowa 1979), *cert. denied,* 446 U.S. 921, 100 S.Ct. 1859, 64 L.Ed.2d 277 (1980), and *State v. Duncan,* 312 N.W.2d 519, 523–24 (Iowa 1981). In *Williams* the defendant alleged his due process rights were infringed by submission of first degree murder on alternative theories of premeditated murder and felony murder without a requirement that the jury agree on one of the theories before convicting him. In rejecting the defendant's contention, this court held that the two theories merely constitute alternative methods for establishing the *mens rea* for first degree murder. The court found the methods to be sufficiently analogous for the verdict to be deemed unanimous despite possible differences among jurors concerning which theory was proved. *Id.* at 270. The same standard was applied in *Duncan* in rejecting a defendant's contention that the trial court erred in permitting the jury to convict the defendant of burglary based on alternative theories of burglary of a marina and burglary of a boat in the marina. *Id.* at 523.

In *Duncan* the court approved a statement of the standard in *State v. Arndt,* 12 Wash.App. 248, 252, 529 P.2d 887, 889 (1974), *aff'd,* 87 Wash.2d 374, 553 P.2d 1328 (1976): "[I]f substantial evidence is presented to support *each* alternative method of committing a single crime, and the alternatives are not repugnant to each other, then unanimity of the jury as to the mode of commission of the crime is not required." *See* 312 N.W.2d at 523. At the root of this standard is the principle that the unanimity rule "requires jurors to be in substantial agreement as to just what a defendant did as a step preliminary to de-

termining whether the defendant is guilty of the crime charged." *United States v. Gipson,* 553 F.2d 453, 457–58 (5th Cir. 1977).

This principle implicates a two-step inquiry. The first step is to determine whether the statute defines a single offense that may be committed in more than one way or instead defines multiple offenses. When a single offense is defined, the second step is to determine if the alternative modes are consistent with and not repugnant to each other. The first step is an inquiry into legislative intent, and the second step involves application of the constitutional test. *See Manson v. State,* 101 Wis.2d 413, 422, 304 N.W.2d 729, 732 (1981).

In the present case, the General Assembly has expressly stated that a defendant shall not be convicted and sentenced for violations of both paragraphs "a" and "b" of section 321.281(1) "if the offenses were committed in the same occurrence." § 321.281(3). The subparagraphs thus plainly define alternative conduct that in a single occurrence can result in only one conviction of crime. Like premeditated murder and felony murder, each theory will independently support a conviction, but the theories will not together support more than one conviction. Accordingly, we find that the statute defines a single offense committable in alternative ways rather than multiple offenses.

The remaining issue is whether the alternative modes are consistent with and not repugnant to each other. The answer to this inquiry is also clear. By a separate provision, the General Assembly has established a presumptive relationship between the blood alcohol level in a defendant's blood and driving under the influence. Section 321.281(8) makes evidence of ten hundredths or more of one percent by weight of alcohol in a defendant's blood "presumptive evidence that the defendant was under the influence of an alcoholic beverage." In rejecting a due process attack on this rebuttable presumption in

*State v. Hansen,* 203 N.W.2d 216, 218 (Iowa 1972), this court recognized a rational relationship between the fact shown and the fact presumed. An even greater consistency exists between showing a higher alcohol level and proving the defendant was under the influence of an alcoholic beverage. The likelihood that a person with thirteen hundredths or more of one percent by weight of alcohol in the blood is under the influence of alcohol is sufficiently strong that it is not a denial of due process for the legislature to equate the concepts as alternative ways of establishing the *actus reus* of a single crime. We find that the concepts are consistent with and not repugnant to each other.

We hold that defendant was not denied his right to a unanimous verdict by the failure of the trial court's instruction to require jury unanimity on one of the alternative means for committing the offense. The same conclusion was reached under a similar statute in *State v. Franco,* 96 Wash.2d 816, 639 P.2d 1320 (1982).

AFFIRMED.