**STATE of Iowa, Plaintiff–Appellee,**

v.

**German MONTES, Defendant–Appellant.**

No. 88–329.

Court of Appeals of Iowa.

June 15, 1989.

William L. Wegman, State Public Defender, and James F. Whalen, Asst. Public Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Christie J. Scase, Asst. Atty. Gen. and Odell McGhee, Asst. County Atty., for plaintiff-appellee.

Heard by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

PER CURIAM.

The defendant appeals conviction, following a jury trial, for second-degree burglary. He contends the district court abused its discretion by refusing to grant him a mistrial on the ground the jury was hung. He also challenges the sufficiency of the evidence to prove intent to commit a theft. Finally, he contends the sentencing court did not state adequate reasons for choosing a sentence of incarceration rather than probation. We affirm.

■ The trial court responded to jury notes indicating disagreement as to the meaning and application of the jury instructions by telling the jury to re-examine the written instructions and continue deliberations. Defendant motioned for mistrial on the basis the notes indicated they were a hung jury and that the jury had been out an unreasonable amount of time. The total deliberation time was less than six hours. The trial court did not abuse its discretion in denying defendant's motion for a mistrial. *See State v. Dreessen*, 305 N.W.2d 438, 440 (Iowa 1981); *Foster v. State*, 378 N.W.2d 713, 720 (Iowa App.1985).

■ Six hours is not an unreasonable time period for deliberation on a felony charge. Jury deliberation is not an easy process. Deliberations are often difficult, stressful, and time consuming. Jury verdicts often have a tremendous impact on people's lives; a jury's duty should therefore not be taken lightly. The jury has the discretion to deliberate for whatever reasonable period of time it deems necessary to consider the case. We discourage the grant of a mistrial after only a short period of deliberation. *State v. Chadwick*, 328 N.W.2d 913, 918 (Iowa 1983); *Foster v. State*, 378 N.W.2d at 720.

■ Defendant entered a home, collected such items as a partially-consumed cantaloupe, a cutting knife, framed family photo-

graphs, a stack of newspapers, a bartender's guide from the basement, boxes containing party favors, a bottle of wine, and a small box containing $200 cash, and placed the items on the kitchen counter and table. We find sufficient evidence from which the jury might properly infer intent to commit a theft. *See State v. Olson*, 373 N.W.2d 135, 136 (Iowa 1985); *State v. Doss*, 355 N.W.2d 874, 877 (Iowa 1984); *State v. Erving*, 346 N.W.2d 833, 836 (Iowa 1984).

The lower court properly exercised its sentencing discretion and provided this court with an adequate statement of its reasons for choosing to incarcerate defendant. We find defendant is not entitled to resentencing. *See State v. Powell*, 400 N.W.2d 562, 565 (Iowa 1987); *State v. Washington*, 356 N.W.2d 192, 197 (Iowa 1984); Iowa Code § 901.5 (1987); Iowa R.Crim.P. 22(3)(d).

AFFIRMED.