**STATE of Iowa, Appellee,**

v.

**Raymond BLACK, Appellant.**

No. 89–209.

Court of Appeals of Iowa.

Dec. 21, 1989.

Greg A. Life, Oskaloosa, for appellant.

Thomas J. Miller, Atty. Gen., Sarah J. Coats, Asst. Atty. Gen., and Charles A. Stream, Mahaska County Atty., for appellee.

Considered by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

Defendant Raymond Black appeals his conviction, following a jury trial, of theft in the second degree in violation of Iowa Code section 714.1(6) (1987). Black challenges the sufficiency of the evidence to establish several of the elements of the crime of theft by check.

Defendant was accused of writing twenty bad checks to various businesses over a six-week period. He alleges that there was insufficient evidence that he: (1) wrote and tendered some of the checks; (2) received property in exchange for some of the checks; and (3) "intentionally presented the checks to the alleged victims knowing that the checks would not be paid when presented." We affirm.

Defendant opened an account at Oskaloosa Home Loan & Savings on April 22, 1988. By May 6, 1988, his account had insufficient funds in it to cover checks written. Between May 6, 1988, and May 9, 1988, five checks were written on that account.

Oskaloosa Home Loan & Savings mailed defendant notices of the overdrawn checks. Additionally, an officer of Oskaloosa Home Loan & Savings went to defendant's home on May 18th to discuss his checking account problem. Upon being told that defendant was not home, the bank officer left word that Black was to get in touch with the bank.

Defendant never responded to either the notices or the visit. As a result, his checking account was closed on May 18, 1988. Oskaloosa Home Loan & Savings sent defendant notice of the closure.

Another fifteen checks were written on the account between May 19, 1988, and June 15, 1988. On June 16, 1988, Officer Van Toorn went to defendant's residence to discuss the bad checks. Defendant initially told the officer that he was someone else, but, upon further questioning, admitted his identity. Defendant then admitted writing the checks. Officer Van Toorn informed defendant that he had to pay off the checks or face criminal charges. Black subsequently contacted the bank, but made no attempt to take care of the outstanding checks.

At trial, the State called witnesses from each of the business concerns that had taken checks written on Black's account. Three of these witnesses identified Black as the individual who had presented the checks at their respective business establishments. Another witness testified as to receiving a check on Black's account, but was unable to recall the exact transaction. Six other witnesses testified that their businesses had all received checks written on Black's account, but had no individual knowledge of the transactions.

Our standard of review is well settled. A verdict will be upheld where there is substantial evidence to support the charge. *State v. LeGear*, 346 N.W.2d 21, 23 (Iowa 1984). Substantial evidence means such evidence as could convince a rational trier of fact the defendant is guilty of the crime charged beyond a reasonable doubt. *Id.* The evidence is viewed in the light most favorable to the State, including legitimate inferences and presumptions which may fairly and reasonably be deduced from the record. *State v. Bass*, 349 N.W.2d 498, 500 (Iowa 1984). We consider all the evidence at trial, not just the evidence that supports the verdict. *State v. Robinson*, 288 N.W.2d 337, 340 (Iowa 1980).

■ First, Black contends the State failed to present sufficient evidence to prove he wrote some of the checks. While the State did not produce witnesses as to each transaction, upon our review of the record we find that the State produced sufficient evidence to prove that Black wrote the checks. Black admitted to Officer Van Toorn that he had written the checks. Additionally, the signatures on all twenty checks were virtually identical. The jury could easily conclude from comparing the signatures on the checks that they had all been written by the same individual.

■ Black also asserts there is insufficient evidence to prove he received property in exchange for some of the checks. We find his arguments on this point to be meritless. Witnesses for each business which received checks from defendant testified that the checks had been returned. It must be remembered that direct and circumstantial evidence are equally probative. *See State v. Wheeler*, 403 N.W.2d 58, 60 (Iowa App.1987); *State v. Duncan*, 312 N.W.2d 519, 522 (Iowa 1981). The obvious inference to be drawn from the record evidence in this case is that the businesses

**850**

took defendant's checks as a form of payment for goods sold to him.

Finally, Black argues there is insufficient evidence to prove that he knew that the checks would not be paid when presented. This argument too is without substance. Black told both Officer Van Toorn and a bank officer that he did not have any money. Furthermore, the record discloses that numerous notices were mailed to the defendant informing him that his account was in arrears. As such, we determine there is substantial evidence to support the jury's determination that the State had proved second-degree theft beyond a reasonable doubt.

AFFIRMED.