WIGGINS, Justicé
(concurring in part and dissenting in part).
I join Justice Appel’s opinion that concurs in part and dissents in part to the majority opinion. However, I am compelled to write further on the use of special interrogatories in criminal cases. I see too many judges not using them when appropriate.
As demonstrated by this case and State v. Tyler, 873 N.W.2d 741, 753-54 (Iowa 2016), a new trial is required when the evidence is insufficient to support a guilty verdict on an alternative theory of criminal liability submitted to a jury and the jury returned a general guilty verdict. Appropriate use of special interrogatories can avoid new trials.
Under limited. circumstances, our present law allows jurors to unanimously convict a defendant even when , they do -not agree on a single theory of criminal liability. See. State v. Bratthauer, 354 N.W.2d 774, 776-77 (Iowa 1984). So long as the alternative means of committing an offense submitted to the jury are consistent with and not repugnant to each other, the jury can convict a defendant without agreeing to the precise means by which the defendant committed the offense. Id. When the district court submits consistent alternate theories of liability to the jury, it may submit special interrogatories that will permit it to determine which jurors agree on each alternative theory, but it is not required to do so,
In contrast, juror unanimity as to the means by which an offense was committed is required to sustain a conviction when the alternative means submitted to the jury are inconsistent, repugnant, or conceptually distinguishable from each other. See Tim A. Thomas, Annotation, Requirement .of Jury Unanimity as to Mode of Committing Crime Under Statute Setting Forth the Various Modes By Which Offense May Be Committed, 75 A'.L.R.4th 91, 105 (1990). In such cases, jurors must rqach unanimity as to the means by which the defendant committed the offense. Thus, the district court must submit special interrogatories to the jury to convict the defendant when the alternative means submitted to the jury are inconsistent, repugnant, or conceptually distinguishable from each other.
*400 Therefore, to determine whether special interrogatories are necessary, a district court must make two distinct legal determinations. Bratthauer, 354 N.W.2d at 776. First, the court must determine if the legislature intended the relevant statute to define “a single offense that may be committed in more than one way or instead defines multiple offenses.” Id. Second, the court must apply a constitutional test and determine if the alternative means for committing the offense are inconsistent, repugnant, or are conceptually distinguishable. Id.
Only after a district court has completed this two-step analysis will it be in the position to decide what type of special interrogatories, or instructions, if any, it may need to give the jury in regards to its verdict.[2]

. The model jury instructions published by the Iowa State Bar Association include the following instruction:
Where two or more alternative theories are presented, or where two or more facts would produce the same result, the law does not require each juror to agree as to which theory or fact leads to his or her verdict. It is the verdict itself which must be unanimous, not the theory or facts upon which it is based.
Iowa State Bar Ass’n, Iowa Criminal Jury Instruction 100.16 (2015).
It appears the present practice among district courts is to give this instruction when the alternative means submitted to the jury are not inconsistent, repugnant, or conceptually distinguishable from each other. Again, the court may want to consider submitting some form of interrogatories to avoid a retrial in case an appellate court finds the evidence was insufficient to submit one of the alternative ways to commit an offense.