# IN THE COURT OF APPEALS OF IOWA

No. 23-0671
Filed October 30, 2024

**WILLIAM PAUL ROLAND,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Scott J. Beattie, Judge.

An applicant appeals from the district court's denial of his application for postconviction relief related to his criminal conviction in Polk County. **AFFIRMED.**

Jessica Donels of Parrish Kruidenier L.L.P., Des Moines, for appellant.

Brenna Bird, Attorney General, and Thomas J. Ogden (until withdrawal) and Louis S. Sloven, Assistant Attorneys General, for appellee State.

Considered by Tabor, C.J., Badding, J., and Carr, S.J.* Buller, J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**CARR, Senior Judge.**

William Roland appeals from the district court's denial of his application for postconviction relief (PCR) related to his 2018 criminal conviction in Polk County for one count of sexual exploitation of a minor, in violation of Iowa Code section 728.12(3) (2017). He argues that his trial counsel was ineffective for failing to object to the lack of unanimity in the charge and jury verdict and failing to consult experts for his defense. Because his counsel was not ineffective, we affirm.

## I. Background Facts and Proceedings

In October 2017, Roland was attending a deposition at the Polk County courthouse for a different criminal case in which he was charged with one count of sexual exploitation of a child, in violation of Iowa Code section 728.12(3). At that deposition, a prosecutor in the case noticed that Roland was carrying two pictures alleged to be child pornography in a notebook. The prosecutor explained that "one of the pictures was of a naked minor black female holding open her vagina. The other picture is a mixture of naked adults and naked minor children hanging around what appears to be a campsite." Following this incident, Roland was charged with one count of sexual exploitation of a minor, in violation of Iowa Code section 728.12(3). The matter was tried in September 2018, and Roland was found guilty of one count of sexual exploitation of a child. On direct appeal his conviction was affirmed and his sentence was affirmed in part, vacated in part, and remanded for resentencing for recalculation of Roland's ability to pay restitution. *See State v. Roland*, No. 18-1917, 2020 WL 7021508, at *4 (Iowa Ct. App. Nov. 30, 2020). Roland then applied for PCR, which the district court denied. We now review.

## II. Standard of Review

Iowa Code section 822.8 forbids PCR applicants from raising any ground not raised at trial absent a "sufficient reason." Because Roland did not raise the issue of a nonunanimous verdict at trial and does not provide explanation for why he is raising it for the first time in his PCR application, we only consider that issue in the context of an ineffective assistance of counsel claim. Claims for ineffective assistance of counsel are reviewed de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

## III. Discussion

To prevail on a claim of ineffective assistance of counsel, an applicant "must typically show that (1) counsel failed to perform an essential duty and (2) prejudice resulted." *State v. Keller*, 760 N.W.2d 451, 452 (Iowa 2009). "[T]here is a strong presumption trial counsel's conduct fell within the wide range of reasonable professional assistance." *State v. Graves*, 668 N.W.2d 860, 881 (Iowa 2003) (citation omitted).

"Miscalculated trial strategies and mere mistakes in judgment normally do not rise to the level of ineffective assistance of counsel." *Ledezma*, 626 N.W.2d at 143. But such tactical decisions must "satisfy the ultimate test: whether 'under the entire record and totality of the circumstances' counsel performed competently." *Graves*, 668 N.W.2d at 881. "When complaining about the adequacy of an attorney's representation, it is not enough to simply claim that counsel should have done a better job." *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994). On appeal, "[t]he applicant must state the specific ways in which counsel's performance was

inadequate and identify how competent representation probably would have changed the outcome." *Id.*

We address each of Roland's arguments in turn.

### A. *Unanimity in Charge and Jury Verdict*

Roland first contends his trial counsel was ineffective for failing to object to the lack of unanimity in the charge and the jury verdict.

The jury shall "agree[] on a verdict unanimously . . . ." Iowa R. Crim. P. 2.22(5). In reaching a verdict the jury need not "concur in a single view of the transaction disclosed by the evidence. If the conclusion may be justified upon either of two interpretations of the evidence, the verdict cannot be impeached by showing that a part of the jury proceeded upon one interpretation and part upon another." *State v. Duncan*, 312 N.W.2d 519, 523 (Iowa 1981) (citation omitted).[1]

In *Duncan*, the State alleged that Duncan entered both a marina and a boat with the intent to commit a theft. *Id.* The jury instructions did not require that the jury agree on whether it was Duncan's breaking, entering, or remaining in the marina or the boat that satisfied the first element for burglary in the second degree. *Id.* at 522–23. Duncan argued the jury should have been required to separately and unanimously find that his actions in relation to the marina or boat met the first

---

[1] Addressing the State's reliance on *Duncan* in its brief, Roland in reply advances that *Duncan* is "distinguishable, unworkable and ought to be overturned," and later that "it should be disregarded." Duncan was alleged to have burglarized a marina and a boat within it at the same time and place. Roland was alleged to have possessed two images containing child pornography at the same time and place. We have struggled to distinguish the two scenarios. Roland argues with some force that he might have been convicted with some but not all jurors agreeing on which photo was contraband. But that was the case for Duncan as well. We are not at liberty to overrule or disregard precedent of our supreme court.

element for burglary. *Id.* at 522. But our supreme court held that this is not required. *Id.* at 523 ("[W]here a statute makes either of two or more distinct acts connected with the same general offense and subject to the same measure and kind of punishment indictable separately and as distinct crimes when each shall have been committed by different persons and at different times, they may, when committed by the same person and at the same time, be coupled in one count as together constituting but one offense . . . ." (alteration in original) (citation omitted)).

In *State v. Bratthauer*, 354 N.W.2d 774, 776 (Iowa 1984), the supreme court clarified that *Duncan* requires a two-step inquiry. "The first step is to determine whether the statute defines a single offense that may be committed in more than one way or instead defines multiple offenses. When a single offense is defined, the second step is to determine if the alternative modes are consistent with and not repugnant to each other." *Bratthauer*, 654 N.W.2d at 776. A panel of our court has defined repugnant in this context as "opposed, contradictory, or incompatible." *State v. Shiltz,* No. 02-1908, 2004 WL 136375, at *2 (Iowa Ct. App. Jan. 28, 2004) (cleaned up). The two photos at issue here are not repugnant as so defined.

Roland asserts that the State should not have charged a total of one count of sexual exploitation of a minor for both images that he possessed, and that his counsel should have objected. He argues the campsite photo is not sexual in nature and that it is unclear whether the nude female in the other photo is a child. According to Roland, it is possible that a portion of the jury may have convicted him based on his possession of the campsite photo and the other portion of the jury may have convicted him based on his possession of the other photo. His

contention on that point is correct—instruction no. 18 permitted the jury to convict even if the jurors did not agree as to which photo constituted child pornography:

> Where two or more alternative theories are presented, or where two or more facts would produce the same result, the law does not require each juror to agree as to which theory or fact leads to his or her verdict. It is the verdict itself which must be unanimous, not the theory or facts upon which it is based.

But it is not correct that the jury needed to agree as to which photos constituted child pornography for them to unanimously convict on the sexual-exploitation charge.

The unanimity rule only "requires jurors to be in substantial agreement as to just what a defendant did as a step preliminary to determining whether the defendant is guilty of the crime charged." *Bratthauer*, 354 N.W.2d at 776 (citation omitted). Here, the jurors all substantially agreed that Roland possessed a visual depiction of a person under the age of eighteen years which showed that person engaging in a prohibited sexual act. The jury need not conduct a cross-tabulation analysis of all the photos submitted to collectively agree on which images depicted a minor engaged in sexual activity—they only needed to agree that Roland was in possession of images and among those images was a depiction of a minor engaged in sexual activity.

As the State points out, each image can support a separate unit of prosecution under section 728.12(3). Roland contends that the statute *requires* that each image containing a different minor be charged separately. But the statute only requires that separate offenses be charged for each minor contained within a single image—a single image is referred to as "[a] visual depiction." Iowa Code § 728.12(3)(a) ("A visual depiction containing pictorial representations of

different minors shall be prosecuted and punished as separate offenses for each pictorial representation of a different minor in the visual depiction."). And Roland has never argued that he should have been charged separately for each minor contained within the campsite photo.

Because there was no error on the issue of unanimity of the charge or jury verdict, Roland's trial counsel could not have been ineffective in failing to object. *See State v. Westeen*, 591 N.W.2d 203, 207 (Iowa 1999) ("Counsel is not ineffective when the issue counsel failed to raise has no merit.").

## B. Failure to Consult Experts

Roland next argues his trial counsel was ineffective for failing to consult experts. He asserts that "[t]rial counsel was ineffective for failing to obtain an expert witness to determine the age of the black female or identify either photo as preexisting child pornography."

Roland claims that Shawn Kasal, a digital forensics expert but not a medical expert, testified at his PCR trial that neither of the images had "been recognized as child pornography by the National Center for Missing and Exploited Children [(NCMEC)] nor were any of the people depicted identified as exploited children." But Kasal never made such statements. He simply speculated that the images could have been compared against the NCMEC database despite not having reviewed the images nor confirming that these non-digital photos could be compared against the database. He never stated that the images had been run against the database.

Similarly, the deposition statements of State witnesses Doug Elrick and Michael Kirchner do not support Roland's claim. Neither of those witnesses stated

that the persons in the images were known child pornography victims nor did they offer expert opinions about the persons' ages. And Roland's trial counsel attacked those statements at trial, arguing that the State witnesses could not agree on the ages of the persons in the photos. Roland has failed to show that his counsel's failure to hire an expert prejudiced him. Accordingly, we affirm the district court's denial of Roland's application for postconviction relief.

**AFFIRMED.**